IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK B. DAVIS,

        Plaintiff,                                            ORDER

        v.                                            13-cv-389-wmc

MARGARET WIENKES,
CHELSEA BALZAN, NICHOLE RAISBECK and
LANCE WIERSMA,

        Defendants.

---

        Plaintiff Frank Davis, a prisoner at the Dodge Correctional Institution in Waupun, Wisconsin has submitted a proposed complaint under 42 U.S.C. § 1983. He asks for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee.

        In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

        In this case, 20% of the average monthly balance is $2.48, but 20% of the average monthly deposits made to his account is $4.40. Because the greater of the two amounts is 20% of the average monthly balance, or $4.40, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. If plaintiff does not have the money to make the initial

partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $4.40 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

Plaintiff has also filed a motion for the court to appoint him counsel. In deciding whether to assist plaintiff in obtaining counsel, the court must first find that plaintiff has made a reasonable effort to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such an effort. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made a reasonable effort to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers that he has asked to represent him on the issues on which he has been allowed to proceed and who turned him down.

Plaintiff's complaint has not yet been screened because the court has not yet received plaintiff's initial partial payment. After plaintiff's initial partial payment is received by the court, then plaintiff's complaint will be screened pursuant to 28 U.S.C. § 1915A to determine whether the case must be dismissed either because the complaint is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. Because plaintiff's motion is premature, it will be denied without prejudice to plaintiff bringing it at a later stage in this lawsuit.

ORDER

IT IS ORDERED that

1. Plaintiff Frank Davis's motion for assistance in recruiting counsel, dkt. 4, is DENIED without prejudice.

2. Plaintiff is assessed $4.40 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $4.40 on or before June 27, 2013. If, by June 27, 2013, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 5th day of June, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge